## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**LLOYD WICKBOLDT,**

       **Plaintiff,**

v.                                                    Case No: 6:17-cv-2208-JA-EJK

**MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,**

       **Defendant.**
_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court on Defendant Massachusetts Mutual Life Insurance Company's ("MassMutual") Motions for Attorney Fees (Docs. 85, 89.)[1] (the "Motions"). Plaintiff filed a response, objecting to MassMutual's entitlement to attorneys' fees and the amount of fees MassMutual seeks. (Doc. 89-1.) Upon consideration, I respectfully recommend that the Court deny the Motions.

**I.     BACKGROUND**

Plaintiff initiated this action in state court, seeking a declaratory judgment clarifying how his disability insurance benefits should be calculated and alleging breach of the disability insurance contract. (Doc. 2.) In this two-count complaint, Plaintiff asserted a claim for declaratory judgment (Count I) and a claim for breach of

---

[1] The second motion for attorneys' fees was made pursuant to 11th Cir. R. 39-2. (Doc. 89.) As MassMutual's basis for entitlement to attorneys' fees are the same in both motions, the Court will refer to the motion for attorneys' fees at Docket Entry 89.

contract (Count II) against MassMutual. (Doc. 2.) During discovery, the parties entered into a settlement agreement as to Count II, and MassMutual paid Plaintiff $38,168.93. (R. & R., Doc. 80 at 1.) Plaintiff then moved for summary judgment as to Count I. (Doc. 34.)

Before the Court decided on Plaintiff's motion for summary judgment, MassMutual made an offer of judgment (the "Offer of Judgment"), which Plaintiff did not accept. (Doc. 89 ¶¶ 4–8.) The presiding district judge denied Plaintiff's motion for summary judgment and directed the Clerk to enter a judgment in favor of MassMutual. (Docs. 47.) Plaintiff then appealed the Court's ruling to the United States Court of Appeals for the Eleventh Circuit on October 10, 2019. (Doc. 61.) On December 1, 2020, the Eleventh Circuit affirmed the Court's decision in favor of MassMutual. (Doc. 79.)

Thereafter, MassMutual moved to recover attorneys' fees because it served Plaintiff the Offer of Judgment prior to the entry of judgment in its favor, pursuant to Florida Statutes § 768.79 and Florida Rule of Civil Procedure 1.442.[2] (Doc. 89.)

## II. DISCUSSION

### A. Entitlement to Attorney's Fees

Eleventh Circuit Rule 39-2 ("11th Cir. Rule 39-2") permits a prevailing party to move for attorney's fees no later than 14 days after the deadline to file a petition for a hearing. 11th Cir. Rule 39-2. The motion for fees must be supported by a

---

[2] Herein, "Rule" refers to the Florida Rules of Civil Procedure, not the Federal Rules of Civil Procedure.

memorandum explaining entitlement to the fees. *Id.* The undersigned finds that MassMutual complied with Rule 39-2. (Doc. 89.) In the Motion, MassMutual argues it is entitled to an award of attorney's fees and costs pursuant to § 768.79 because after Plaintiff declined the Offer of Judgment, MassMutual obtained a judgment in its favor, which the Eleventh Circuit affirmed on December 30, 2020. (*Id.*)

Pursuant to § 768.79, a defendant who files an offer of judgment that is not accepted by the plaintiff within 30 days is entitled to reasonable attorney's fees and costs incurred from the date on which the offer was made, including those expended on appeal, if the judgment is one of no liability. Fla. Stat. § 768.79. Section 768.79(2)(d) requires the offer to "state its total amount." Fla. Stat. § 768.79(2)(d); *see Schmidt v. Fortner,* 629 So. 2d 1036, 1040 (Fla. 4th DCA 1993) (holding that an award of attorneys' fees and costs is mandatory under § 768.79 where the statutory requirements have been met); *Palm Beach Polo Holdings, Inc. v. Stewart Title Guar. Co.*, 132 So. 3d 858, 862 (Fla. 4th DCA 2014) (acknowledging that Florida law supports that a litigant can obtain attorneys' fees incurred in litigating the entitlement to attorneys' fees under § 768.79); *United Auto. Ins. Co. v. Comprehensive Health Ctr.*, 173 So. 3d 1061, 1069 (Fla. 3d DCA 2015) ("It is well settled that 'the plain and mandatory terms of the proposal for settlement statute encompass all costs and attorney's" fees incurred leading up to a final judgment, including fees incurred on appeal"); *LeFrock v. Walgreen Co.*, No. 8:13-cv-2196-T-17TBM, 2017 U.S. Dist. LEXIS 137156 at *1, *8 (M.D. Fla. Mar. 8, 2017) ("[I]t is well settled that Fla. Stat. § 768.79 also applies to fees incurred on appeal"). (Doc. 85-1.) Rule 1.442(c)(2)(D), likewise requires a proposal to state the total amount

of the proposal and state with particularity all nonmonetary terms of the proposal. Fla. R. Civ. P. 1.442(c)(2)(D).

MassMutual's ability to recover therefore depends on whether (1) the Offer of Judgment met requirements of § 768.79 and Rule 1.442(c)(2)(D) and (2) whether the Offer of Judgment contained an invalid condition.

### i. *The Offer of Judgment does not state the "total amount" required pursuant to § 768.79(2)(d) and Rule 1.442(c)(2)(D)*

The Florida Supreme Court has held that where a statute is free from ambiguity, the court must follow its plain meaning. *State Farm v. Mut. Auto. Ins. Co. v. Nichols*, 932 So. 2d 1067, 1073 (Fla. 2006). When determining whether to award attorney's fees, the Florida Supreme Court strictly construes the language and requirements of § 768.79 and Rule 1.442.[3] *Attorneys' Title Ins. Fund, Inc. v. Gorka*, 36 So. 3d 646, 649 (Fla. 2010) (finding that a joint offer of settlement or judgment conditioned on the mutual acceptance of offerees was invalid and not enforceable because the conditional nature of the offer divested each party of independent control of the decision to settle). In making this determination, Florida courts have expressed a judicial reluctance to confirm uncertain or conditional offers as a basis for recovery for attorney's fees pursuant § 768.79(2)(d) and Rule 1.442(c)(2)(D). *Id.*

In the instant case, Paragraph 2 of the Offer of Judgment provides, in part, "(b) Mass Mutual will pay Plaintiff [redacted] per month for the remainder of Plaintiff's

---

[3] The language §768.79 and Rule 1.442(c)(2)(D) must be strictly construed because such statutes are in derogation of the common law rule that each party pays its own fees. *Wills Shaw Express, Inc. v. Hilyer sod, Inc.*, 849 So. 2d 276. 278 (Fla. 2003).

life ('Monthly Payments')." (Doc. 85-1 ¶ 2.) Because the total amount offered cannot be determined and is dependent on how long Plaintiff lives or remains disabled, the undersigned concludes that MassMutual's offer is conditional because it does not include a determinate "total amount" required by §768.79 and Rule 1.442. Moreover, this conditionality divests the Plaintiff of certainty on what the actual settlement will be.[4] Based on the plain meaning of language in § 768.79(2)(d) and Rule 1.442(c)(2)(D), and Florida's propensity to disfavor uncertain or conditional offers as a basis for recovery, I respectfully recommend the Court find that MassMutual's offer is invalid for failure to state the "total amount" of the offer.

      **ii.**    *The Offer of Judgment contains an invalid condition.*

Florida courts traditionally hold that a proposal for settlement should not include conditions that, if accepted, would cause an offeree to give up a claim or right that it could not have otherwise lost in the litigation. *Nichols v. State Farm Mutual*, 851 So. 2d 742, 746 n.3 (Fla 5th DCA 2003), *aff'd* 932 So. 2d 1067, 1070 (Fla. 2006) (citing *Martin v. Brousseau*, 564 So. 2d 240 (Fla. 4th DCA 1990)) (holding a "general release" requiring the plaintiff to release all claims, causes of action, etc. that had accrued through the date on which the insured accepted the proposal, was invalid because it extended to claims for causes of actions outside claims brought in the lawsuit before the court).

---

[4] Although the condition in MassMutual's offer is not the same as in *Attorneys' Title Ins. Fund, Inc. v. Gorka*, the undersigned nevertheless finds *Gorka* to be instructive. *See Gorka*, 36 So. 3d at 650–52.

In the instant case, Paragraph 2 of the Offer of Judgment by MassMutual includes a general release, which provides, in pertinent part, "Upon acceptance of this Offer of Judgment, Policy Number 4467286, including *all riders*, will be deemed canceled and shall have no further force or effect." (Doc. 85–1 ¶ 2) (emphasis added). Separate from the subject matter of the suit, Plaintiff retained a lifetime rider that would continue to extend the basic monthly benefit for life. (Doc. 2 ¶¶ 7–10.) If accepted, the general release would have invalidated this separate rider, which was outside the scope of the ongoing lawsuit. (Doc. 85–1 ¶ 2.) Because the Offer of Judgment extended the scope of release to include this rider, the undersigned finds the Offer of Judgment to be overly broad.

For the foregoing reasons, the undersigned finds MassMutual's Offer of Judgment is invalid and recommends that the Court find that this offer does not serve as a basis to recover attorney's fees under § 768.79 and Rule 1.442(c)(2)(D).

### B. Reasonableness of Fees Sought by MassMutual

#### *i. The requested hourly rate is not reasonable.*

Even if the Court finds that MassMutual is entitled to attorneys' fees, the undersigned finds MassMutual's estimate of attorney's fees to be unreasonable because the estimate includes non-local hourly rates. (Docs. 85-1 ¶ 18; 89-1 at 18.)

When seeking attorney's fees, a movant bears the burden of demonstrating that its counsel's requested hourly rate and the number of hours its counsel expended are reasonable. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). A reasonable hourly rate is the prevailing market rate in the *relevant legal*

*community* for similar services by lawyers of reasonably comparable skills, experience, and reputation. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (citing *Norman,* 836 F.2d at 1299) (italics added) (reversing an award of attorney's fees based on out-of-state rates because the plaintiff did not justify non-local rates). Generally, the relevant market for purposes of determining the reasonable hourly rate for an attorney's services is "the place where the case is filed." *Id*. (quoting *Cullens v. Ga. Dep't of Transp.,* 29 F.3d 1489, 1494 (11th Cir. 1994)).

Except for MassMutual's local counsel, all other attorneys are from Kate L. Villanueva's firm in Pennsylvania. (Docs. 89-1 at 18) These out-of-state lawyers charged higher rates than the rate charged by local counsel without justification.[5] (Docs. 85 ¶ 18; 89, Ex 2 ¶ 16.) Because MassMutual did not explain or justify the discrepancy in billable hourly rates between its in-state and out-of-state counsel, the undersigned finds MassMutual failed to establish the reasonableness of the Pennsylvania attorneys' fees or the billable hourly rate.

Plaintiff does not ask for a specific reduction in the hourly billable rate for out-of-state attorneys, but the Court may use its own expertise and judgment to make an appropriate assessment of the reasonable value of the attorney services rendered to MassMutual by its six non-Florida attorneys. *See Houston Specialty Ins. Co. v. Vaughn*,

---

[5] MassMutual's counsel's hourly rates were: Partner March D. Taticchi at $625/hour; Partner Jason P. Gosselin at $605/hour; Partner Katherine L. Villanueva at $550/hour; Associate Timothy D. Gilbert at $415/hour; Associate Daniel B. Rotko at $385/hour; Associate Ava R. Giacobbo at $373.50/hour; and Local Counsel at $355/hour. (Doc. 89 at 26–27.)

No. 8:14-cv-1187-T-17JSS, 2019 U.S. Dist. LEXIS 127837 at *2 (M.D. Fla. July 9, 2019) (citing *Norman*, 836 F.2d at 1303–04) (holding a court may use its own expertise and judgment to make an appropriate independent assessment of the reasonable value of an attorney's services). In the instant case, the undersigned recommends reducing the billable rate of the six out-of-state lawyers to equal the rate charged by MassMutual's local counsel, Akerman Senterfitt ($355/hour).

### ii. *The amount of hours sought for reimbursement are not reasonable.*

If the Court finds that MassMutual is entitled to attorneys' fees, the undersigned respectfully recommends the Court find that the amount of hours MassMutual seeks for reimbursement is not reasonable. Attorney fee applicants must "exercise . . . 'billing judgment'," which means that "they must exclude from their fee applications 'excessive, redundant, or otherwise unnecessary [hours].'" *Barnes*, 168 F.3d at 428. Moreover, fee applicants must exclude hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill or reputation or experience of counsel." *Norman*, 836 F.2d at 1301 (emphasis in original). Exclusions for unnecessary or excessive time expended are left to the discretion of the court. *Id.* at 130.

In the instant case, Plaintiff asserts two objections to the number of hours for which MassMutual seeks reimbursement. (Doc 89-1 at 19.)[6] First, Plaintiff alleges it

---

[6] As to the amount of time spent litigating the district court action, Plaintiff requests an evidentiary hearing to determine the reasonableness of the hours spent and leave to perform discovery. (Doc. 85 at 11.) He does not explicitly assert that the amount of time spent litigating the district court was excessive. (*Id.*)

was not reasonable to have a total of seven attorneys working on an appeal for a disability insurance policy. However, Plaintiff provides no justification for this assertion. (*Id.*) Second, Plaintiff argues that, although MassMutual spent less than twenty hours for its "Renewed Application for Fees and Costs" in the district court, MassMutual overreached by seeking over fifty hours for "briefing for fees and costs" in its appeal. Moreover, Plaintiff cites caselaw related to a fee applicant's obligation to exclude redundant, excessive, or unnecessary hours from its fee application. (*Id.*)

The undersigned agrees with Plaintiff that MassMutual has failed to carry its burden to justify spending nearly three times as much time briefing the issue of fees and costs for the appellate court (55.5 hours) than it did for the district court in its renewed application (18.6 hours). Therefore, if the Court believes that attorneys' fees should be awarded, the undersigned respectfully recommends that the Court reduce the hours spent on the appellate briefing for fees and costs by fifty percent, to 27.75 hours, for a total of 46.35 hours. Thus, the Lodestar amount is $16,454.25.

## III.   RECOMMEDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **DENY** MassMutual's Motions for Attorney Fees (Docs. 85, 89), or in the alternative, **GRANT IN PART** the Motions for Attorney Fees and award MassMutual $16,454.25 in attorneys' fees.

## NOTICE TO PARTIES

A party has **fourteen days** from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on July 26, 2021.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE